**\*\* NOT FOR PRINTED PUBLICATION \*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:09-CV-47 |
| v. | § | |
| | § | |
| APPLE, INC., | § | JUDGE RON CLARK |
| | § | |
| *Defendant*. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE

Plaintiff Affinity Labs of Texas, LLC filed suit against Defendant Apple, Inc., claiming that certain products and software applications infringe United States Patent Nos. 7,187,947, 7,440,722, and 7,486,926. All three of the patents are generally directed toward audio systems and/or communicating information to electronic devices. Apple now moves to transfer venue to the United States District Court for the Northern District of California.

Apple's headquarters, many of its employees, and a substantial percentage of the relevant documents and other evidence in Apple's possession are located in the Northern District of California. Although Affinity Labs is a Texas limited liability company with all of its own offices, documents, and witnesses located in Texas, no evidence – and, at best, only one witness – is found within the boundaries of the Eastern District of Texas. Given these facts, the court will grant Apple's motion. This case is transferred to the United States District Court for the Northern District of California.

## I. Background

The following facts are undisputed, unless otherwise noted. Affinity Labs is a Texas limited liability company with its offices in Austin, Texas. Austin is located in the Western District of Texas. Apple is a California corporation with its principal place of business in Cupertino, California. Cupertino is located in the Northern District of California.

All three of the patents-in-suit name two inventors – Russell White and Kevin Imes – who both reside in Austin. Both of the prosecuting attorneys reside in Texas – Roger Fulghum in Houston, and Mark Rozman in Austin. Houston is in the Southern District. Both of Affinity Labs's experts also reside in Texas – liability expert Joseph McAlexander in Anna, and damages expert Walt Bratic in Houston. Anna is in the Eastern District.[1] All of Affinity Labs's documents are located in Texas.

Affinity Labs filed suit against Apple, claiming that Apple's iPhone, iPod, iPod Touch, iTunes, and "App Store mobile software application" all infringe one or more of the patents-in-suit. According to Apple, all of these products were developed in Cupertino and all business documents – including records relating to research, development, design, and revenue – are located there. Apple specifically identifies nine current or former employees who would allegedly have knowledge regarding the accused products, and notes that all of these individuals work and/or reside in the Northern District of California.

---

[1] Apple claims that Mr. McAlexander actually resides in Richardson, Texas, which is in the Northern District of Texas.

Apple maintains one retail store in Plano, Texas. Plano is located in the Eastern District. Additionally, one of Apple's four worldwide campuses is located in Austin, Texas. Apple's Operations and Sales divisions operate out of the Austin campus.

Both parties – or related entities – have been, or currently are, involved in other litigation in this division of this district as a plaintiff.[2] All three of Apple Computer's cases against the Creative Technology Defendants also involved iTunes and the iPod,[3] which are accused in this case.

Affinity Labs's two cases are on-going. While the patent asserted in Affinity Labs's two other cases is not one of the patents-in-suit here, the technology – a system and method for connecting a portable audio player to a car's sound system – is similar. Apple has also received a third-party subpoena in the other two Affinity Labs cases, and has acknowledged that the document production between those cases and this case have the potential to overlap.

## II. Applicable Law

Apple moves to transfer venue pursuant to 28 U.S.C. § 1404(a), which provides that a district court may transfer a civil action to any district in which it might have been brought "[f]or

---

[2]*Affinity Labs of Texas, LLC v. BMW North America, LLC, et al* (9:08-cv-164); *Affinity Labs of Texas, LLC v. Alpine Electronics of America, Inc. et al* (9:08-cv-171); and *Apple Computer, Inc. v. Creative Technology Ltd. et al* (9:06-cv-114, 9:06-cv-149, and 9:06-cv-150).

[3]Apple noted in its Complaints that venue was proper because:

> Apple manufactures and then sells computer hardware and software under various brand names, portable digital media players under the brand name iPod, and associated software under the brand name iTunes, including in and around Lufkin, Texas and elsewhere in the Eastern District of Texas . . . Apple sells, distributes, advertises, and offers for sale a wide variety of its products . . . in Lufkin and throughout this District, and has for some time.

*See, e.g.*, 9:06-cv-114, Doc. #1, at ¶ 1.

the convenience of parties and witnesses" and "in the interests of justice." The goal of Section 1404(a) "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). The movant bears the burden of proof in demonstrating that a transfer is warranted. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). For a motion to transfer venue in a patent case, the Federal Circuit will apply the law of the circuit in which the district court is located. *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000).

The threshold determination to be made under Section 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003), *cert. denied*, 540 U.S. 1049, 124 S. Ct. 826 (2003). If so, the court's analysis turns to the convenience of the parties and the witnesses. *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 (5th Cir. 2008). This determination involves examining several private and public interest factors, none of which are given dispositive weight individually. *Id.*

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of the witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen,* 545 F.3d at 315. The public interest factors consist of (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems in conflict of laws. *Id*. A

plaintiff's choice of forum is not an independent factor, and is taken into account only insofar as it places the burden on a defendant to show "good cause" for the transfer. *Id.* at 314, n.10.

### III. Analysis

A.  <u>Whether the action could have been brought in the Northern District of California</u>

28 U.S.C. § 1400(b) states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(b)(1); *see also* Section 1391(c) ("[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.").

Apple maintains its headquarters in the Northern District of California, and was subject to personal jurisdiction there when the action commenced. Therefore, this case could have been brought in the Northern District.

B.  <u>Private Interest Factors</u>

   1.  *The relative ease of access to sources of proof*

Apple argues that "virtually all" of its documents relating to the research, design, development, operation, marketing, advertising, and sales of the accused products are stored in Cupertino, California. Affinity Labs's documents relating to the development and prosecution of the patents-in-suit are located in Austin, Texas, which is about 225 miles away from Lufkin.[4]

---

[4]With this in mind, the court ordered the parties to brief the issue of whether transfer to the Western District of Texas, where Affinity Labs's offices, employees, documents, and at least three named witnesses are all located, and where one of Apple's four worldwide campuses – out

Apple argues that because Affinity Labs must transport its documents to another location regardless of whether this case is tried in the Eastern District or the Northern District, the actual distance the documents must be shipped matters little. *See In re Genentech*, 566 F.3d 1338, 1345-46 (Fed. Cir. 2009).

Following the approach of *Genentech*, the court concludes that this factor weighs in favor of transfer. Apple's Cupertino facility in the Northern District of California is the site for storage of the information related to the research, development, and marketing of the accused products. Even assuming Apple's Austin facility may have some relevant documents and Affinity Labs's documents are all located at its offices in Austin, Austin is not within the Eastern District. If the case remains here, all documents will still have to be somehow transferred – or perhaps simply downloaded to a flash drive and then transported – from either the Northern District or the Western District to the Eastern District. *See In re Genentech*, 566 F.3d at 1346.[5]

---

of which operate its Operations and Sales divisions – can be found, would be appropriate. Doc. # 27. Affinity Labs's position in its response papers was that transfer to the Western District would only create needless delay and greater inconvenience to the parties. Based on Affinity Labs's complete lack of interest in trying this case in the Western District, the court will consider only whether transfer to the Northern District is required under controlling precedent.

[5]It may seem ironic that in a day and age when courts require electronic filing of documents, "transportation"of documents is a factor in a case that deals, not with machinery or other physical evidence, but with software applications and products. More ironic is the fact that Apple, purportedly a major computer company, argues that the storage and transportation of documents is a major concern. Nevertheless, it is clear that the court must treat documents as physical objects when when analyzing ease of access and transport. *See In re Genentech*, 566 F.3d at 1345 (citing *Neil Bros. Ltd. v. World Wide Lines,Inc*., 425 F. Supp. 2d 325, 330 (S.D.N.Y. 2006)).

2. *The availability of compulsory process to secure the attendance of the witnesses*

Under Fed. R. Civ. P. 45(b)(2), a court's subpoena power extends to any witness who resides in the district or within 100 miles of where the trial is held. Further, a witness can be compelled to attend trial from anywhere within the state in which the trial is held. *See* Rule 45(c)(3)(A)(ii); *Mohamed v. Mazda Motor Corp*., 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000).

Apple points to nine people – four current and five former employees of Apple – who reside in the Northern District and would thus be subject to compulsory process by that court. Affinity Labs names six witnesses – two party and four non-party – witnesses who are outside the subpoena power of the Northern District of California, but whom all reside in the State of Texas and are within the subpoena power of this court.

Apple provides titles for its former employees, but does not really suggest what the subject matter of their proposed testimony would be or why they would have information not obtainable through current employees. However, a witness need only have "relevant and material information" to factor into the Section 1404(a) transfer analysis. *In re Genentech*, 566 F.3d at 1333. This is a very low threshold, and may include undisputed and cumulative evidence. *See Old Chief v. United States,* 519 U.S. 172, 179, 117 S. Ct. 644, 649 (1997).

Because Apple has identified nine witnesses – five of whom are non-party – within the subpoena power of the Northern District and Affinity named only six – four of whom are non-party – within the subpoena power of the Eastern District, this factor weighs slightly in favor of transfer.

3. *The cost of attendance for willing witnesses*

Because the Northern District of California is approximately 1800 miles away from Lufkin, Texas, the Fifth Circuit's "100 mile" rule applies. *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004). In this case, all of the witnesses identified are located either in the Northern District of California or at a location in Texas more than 100 miles from Lufkin. Affinity Labs's identified witnesses are inventors, prosecuting attorneys, and experts, while Apple's are current and former employees. All four of Affinity Labs's non-party witnesses reside in Texas and would have to travel from Texas to California if venue is transferred. At the same time, all five of Apple's non-party witnesses reside in the Northern District and would have to travel from California to Texas if venue is not transferred. This factor weighs marginally in favor of transfer.

4. *All other practical problems that make trial easy, expeditious, and inexpensive*

Affinity Labs points out that Apple's claims of "manifest inconvenience" to its witnesses are less than persuasive because related entity Apple Computers – also headquartered in Cupertino – filed three patent suits in the Eastern District of Texas, Lufkin Division, in 2006. These cases involved some of the same technology at issue in this case – iTunes and the iPod – and Apple stated in its Complaints that venue was proper in the Eastern District because it sells, distributes, advertises, and offers for sale a number of products, including the iPod and iTunes, in Lufkin and throughout the Eastern District. As a practical matter, it is difficult to credit Apple's claims of "inconvenience" in this case when it – or a related entity – has so freely availed itself of this forum in the past.

Apple argues that the *Genentech* court rejected a similar argument. While this is true to a point, the Federal Circuit stated that the problem there was that the district court did not "suggest

8

that Genentech's previous lawsuit involved the same parties, witnesses, evidence, and facts." *In re Genentech*, 566 F.3d at 1346. In contrast, Apple Computer's previous cases in the Eastern District involved several of the same products – the iPod and iPhone – and is likely to involve some of the same evidence related to those products.

It is also of note that Apple has already produced documents to Affinity Labs in connection with two pending cases in the Eastern District. The documents produced relate to the specifications and configurations of several of the accused products in this case – i.e., the iPod, iPhone, iTouch, and iTunes. Moreover, as this court is handling all three pending cases involving Affinity Labs, it has a familiarity with the overall technology in the patents-in-suit by virtue of its involvement in the cases which do not involve Apple. As the Federal Circuit recently stated,

> Although these cases may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources. Because the district court's decision is based on the rational argument that judicial economy is served by having the same district court try the cases involving the same patents, mandamus is inappropriate under our precedents.

*In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). While a different patent is at issue in the Affinity/Apple suit as opposed to the other two pending Affinity Labs cases, the same field of technology is involved in all three suits. This factor weighs somewhat against transfer.

C. <u>Public Interest Factors</u>

1. *The administrative difficulties caused by court congestion*

Apple contends that the most recent Federal Judicial Caseload Statistics indicate that cases in the Northern District reach disposition more quickly than cases in the Eastern District

9

(7.4 months versus 9.7 months). Apple's Mot. Transfer Venue, Ex. 9 [Doc. # 9]. At the same time, these statistics also indicate that the median time interval to trial for cases is higher in the Northern District than in the Eastern District (18.4 months versus 25.5). This factor is neutral.

2. *The local interest in adjudicating local disputes*

While the accused products are sold in every district in the country, including the Eastern District, the Federal Circuit has rejected this as a basis for concluding that this factor, by itself, favors transfer. *In re TS Tech*, 551 F.3d 1315, 1321 (Fed. Cir. 2008). Affinity Labs is a Texas company – albeit not in the Eastern District – and Apple is a California corporation. Texas's interest in deciding this case is no greater, or lesser, than California's. This factor is neutral.

3. *The familiarity of the forum with the law that will govern the case*

The courts of the Northern District are well known for handling a docket of complex civil and criminal cases, including patent litigations. Judges in the Eastern District are also very familiar with intellectual property litigation. This factor is neutral.

4. *The avoidance of unnecessary problems in conflict of laws*

As federal patent law will apply to most of the issues in this case, there is no conflict of laws problem. This factor is neutral.

**IV. Conclusion**

After careful analysis of the private and public interest factors, the court concludes that transfer is warranted in this case. Private interest factors 1, 2, and 3 weigh in favor of transfer. Private interest factor 4 weighs somewhat against transfer. Public interest factors 1 through 4 are all neutral.

IT IS THEREFORE ORDERED that Defendant Apple, Inc.'s Motion to Transfer Venue [Doc. # 9] is GRANTED.  This case is TRANSFERRED to the United States District Court for the Northern District of California.

So **ORDERED** and **SIGNED** this **25** day of **August, 2009.**

_____
Ron Clark, United States District Judge